JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company a/s/o

**DEFENDANTS**

Ford Motor Company and Koch Bethlehem LLC db/a,t/a and/or a/ka Bethlehem Ford successor in interest of

**(b)** County of Residence of First Listed Plaintiff  Cook County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wayne County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Patrick Hughes, Esq. de Luca Levine LLC 215 383 0081
Three Valley Square, Suite 220 Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [x] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)
Brief description of cause:
Subrogation Matter Involving Property Damage

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  150,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  1/8/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2775 Sanders Road, Northbrook, IL 60062 _____

Address of Defendant: _____ ,One American Road, Deaborn, MI 48125 _____

Place of Accident, Incident or Transaction: _____ 3254 Mountain View Drive, Danielsville, PA 18038 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/08/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 91415 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☒ 9. All other Diversity Cases
  *(Please specify):* _____ Property Damage _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Patrick A. Hughes _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 01/08/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 91415 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALLSTATE PROPERTY & CASUALTY INVURANCE COMPANY and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY** as subrogees of Stephen and Amy Gress **2775 Sanders Road Northbrook, IL  60062** | **Civil Action No:** **JURY TRIAL DEMANDED** |

<table>
<tr><td>

**ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY and ALLSTATE
FIRE & CASUALTY INSURANCE COMPANY**
as subrogees of Stephen and Amy Gress
**2775 Sanders Road
Northbrook, IL  60062**

<b>Plaintiffs</b>
<b>v.</b>

**FORD MOTOR COMPANY
One American Road
Dearborn, MI 48125**

**and**

**KOCH BETHLEHEM LLC, d/b/a, t/a and/or
a/k/a BETHLEHEM FORD, individually and as
successor in interest of BETHLEHEM FORD
3810 Hecktown Road
Easton, PA  18045**

<b>Defendants</b>

</td></tr>
</table>

## COMPLAINT

Plaintiffs, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company, as subrogees of Stephen and Amy Gress, by and through their undersigned counsel, hereby demands judgment against Defendants, and complains against it as follows:

## PARTIES

1.     Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company are business entities organized and existing under the laws of Illinois with their principal place of business located at the above-captioned address and were duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania at all times relevant hereto.

2.      At all times relevant hereto, Allstate Property & Casualty Insurance Company provided property and automobile insurance to Stephen and Amy Gress ("Plaintiffs' subrogors") in connection with property located at 3254 Mountain View Drive, Danielsville, PA  18038-9784 ("subject property") under a policy of insurance which was in full force and effect on all relevant dates, and at all relevant times.  As such, as a result of claims made on said policy and payments made pursuant thereto, Allstate Property & Casualty Insurance Company became subrogated to the rights and interests of its subrogors for any monies paid thereunder, including the claims giving rise to the within cause of action.

3.      At all times relevant hereto, Allstate Fire & Casualty Insurance Company provided automobile insurance to Plaintiffs' subrogors in connection with a 2012 Ford Expedition XLT 4WD (VIN 1FMJU1J50CEF33025), a 2001 Dodge Ram 2500 (VIN 3B7KF26711M566982) and in connection with a 2018 Volkswagen Tiguan (VIN 3VV2B7AX1JM179091), under policies of insurance which were in full force and effect on all relevant dates, and at all relevant times.  As such, as a result of claims made on said policies and payments made pursuant thereto, Allstate Fire & Casualty Insurance Company became subrogated to the rights and interests of the subrogors for any monies paid thereunder, including the claims giving rise to the within cause of action.

4.      Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company are hereinafter collectively referred to as "Plaintiffs" and/or "Allstate".

5.      At all times relevant hereto, Defendant Ford Motor Company ("Ford") was, upon information and belief, a Delaware registered corporation with its primary place of business at the above-captioned address, and was regularly conducting business within the Commonwealth of Pennsylvania.

6.      Defendant Ford, at all times relevant hereto, was in the business of, *inter alia*, manufacturing, designing, distributing, selling and marketing vehicles, including the 2012 Ford Expedition XLT 4WD, VIN 1FMJU1J50CEF33025 ("subject vehicle") at issue in this case.

7.      At all times relevant hereto, Defendant Koch Bethlehem LLC, d/b/a, t/a and/or a/k/a Bethlehem Ford (hereinafter "Bethlehem Ford") was, upon information and belief, a Pennsylvania limited liability company with its primary place of business at the above-captioned address, and was regularly conducting business within the Commonwealth of Pennsylvania.  Upon information and belief, Koch Bethlehem LLC is the successor-in-interest and/or successor entity to Bethlehem Ford and assumed the liabilities for all Bethlehem Ford.

8.      Defendant Bethlehem Ford, at all times relevant hereto, was in the business of, *inter alia*, distributing, selling, marketing, servicing and repairing vehicles, including the subject vehicle.

## JURISDICTION AND VENUE

9.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states.  Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

10.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

11.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

12.     Plaintiffs' subrogors purchased the subject vehicle new in 2013 from Bethlehem Ford for their use and, at all relevant times, it was used as intended.

13.     On or about January 13, 2019, a fire erupted in the subject vehicle at the subject property causing extensive damage to the Plaintiffs' subrogors' real and personal property, and other motor vehicles, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by the Defendants and is further and more fully described below.

## COUNT I – STRICT LIABILITY
## PLAINTIFFS vs. ALL DEFENDANTS

14.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

15.     Defendants were engaged in the business of designing, testing, inspecting, assembling, manufacturing, distributing, selling, servicing and repairing Ford Expedition trucks, and their component parts, and specifically designed, tested, inspected, assembled, manufactured, distributed, placed into the stream of commerce, serviced and repaired the Ford Expedition at issue in this case.

16.     The subject Ford Expedition, which was designed, manufactured, sold,  distributed into the stream of commerce, serviced and repaired by Defendants, was not modified, changed altered or abused by the Gresses or any other users prior to the subject fire and/or at any time during its use.

17.     Defendants knew and intended that their Ford Expedition would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said Ford Expedition would be utilized.

18.     Defendants designed, tested, inspected, manufactured, sold, distributed into the stream of commerce, serviced and/or repaired the aforesaid Ford Expedition, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect

and/or malfunction.

19.     Defendants designed, tested, inspected, manufactured, sold, distributed into the stream of commerce, serviced and/or repaired the aforesaid Ford Expedition in a defective condition, unreasonably dangerous to the Gresses, their real and personal property and their vehicles.

20.     Defendants knew, or should have known, that the Ford Expedition would, and did, reach users without substantial change in the condition in which originally selected and sold.

21.     The Ford Expedition was not materially altered in any way, which would affect the dangerous conditions caused and created by Defendants.

22.     The Gresses operated the Ford Expedition in the normal, ordinary and intended manner and purpose at all times prior to January 13, 2019.

23.     The fire and damage to the Gresses' real and personal property and their vehicles was caused by and/or resulted from the acts and/or omissions of Defendants, by and through their agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which Defendants are liable to Plaintiffs based upon the theory of strict liability for the following reasons:

> a.     failing to design, manufacture, inspect, assemble, distribute, sell, market, service and/or repair a properly functioning and defect-free Ford Expedition, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

> b.     failing to properly design, manufacture, inspect, assemble, distribute, sell, market, service and/or repair the subject Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts free from defect;

> c.     designing, manufacturing, inspecting, assembling, distributing, selling, marketing, servicing and/or repairing the Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated

parts that were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d.     designing, manufacturing, inspecting, assembling, distributing, selling, marketing, servicing and/or repairing the Ford Expedition when they knew or should have known that its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts were unsafe and unfit for their intended use;

e.     designing, manufacturing, inspecting, assembling, distributing, selling, marketing, servicing and repairing the Ford Expedition when it knew or should have known that the Ford Expedition would be inadequate for the reasons for which it was purchased;

f.     designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition which had unreasonably dangerous and defective components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts that caused the Ford Expedition to catastrophically fail and/or malfunction;

g.     designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing an unreasonably dangerous and defective Ford Expedition that Defendants knew or reasonably should have known exposed users, such as the Gresses to an unreasonable risk of harm;

h.     failing to properly and adequately design, manufacture, inspect, assemble, market, test, distribute, service and/or repair the Ford Expedition and its components, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts prior to introducing it into the stream of commerce;

i.     failing to provide adequate and sufficient warnings and instructions with respect to the Ford Expedition, which rendered it defective and unreasonably dangerous;

j.     designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition in a defective condition because its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts failed and/or malfunctioned rendering it hazardous and dangerous for its contemplated and intended use;

k.     designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition in a condition that was defective and that resulted in a catastrophic fire;

      l.    the subject Ford Expedition is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics; and

      m.    the subject Ford Expedition is an unreasonably dangerous product because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

24.    The aforementioned defects or defective conditions existed at the time the subject Ford Expedition left the possession and/or control of Defendants.

25.    The defective, unreasonably dangerous and unsafe condition of the Ford Expedition as aforesaid was a direct and proximate cause of the damages sustained by Plaintiffs' subrogors.

26.    For these reasons, Defendants are strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable caselaw of the Commonwealth of Pennsylvania.

27.    As a direct and proximate result of the aforementioned defects, the Gresses sustained and incurred severe damage to their real and personal property and their vehicles, causing them to vacate their home for a reasonable period of time while it was restored to its pre-fire condition, and caused other consequential and incidental damages including clean-up costs, debris removal, and other associated expenses.

28.    Allstate is subrogated to the rights and interests of the Gresses for any claims arising under the policies, as described above, including the claims giving rise to the within cause of action.

**WHEREFORE**, Plaintiffs, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company as subrogees of Stephen and Amy Gress, respectfully request judgment against Defendants, Ford Motor Company and Koch Bethlehem LLC, in an amount in excess of $150,000.00 and for such other relief as this Honorable Court shall deem appropriate

under the circumstances.

## COUNT II – NEGLIGENCE
## PLAINTIFFS vs. ALL DEFENDANTS

29.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

30.     Defendants owed a duty of reasonable care to the Gresses in regard to the design, manufacture, assembly, testing, inspection, marketing, selling, distributing, servicing and/or repairing *inter alia*, of the subject Ford Expedition, and breached said duty.

31.     The aforementioned damages were the direct and proximate result of the negligence and carelessness conduct and/or acts or omissions of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically failing to exercise reasonable care described as follows:

   a.     carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing a properly functioning and defect-free Ford Expedition, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

   b.     carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the component parts of the Ford Expedition, including, but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts in a defective condition;

   c.     carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts which were not in a safe condition and free of all material defects and after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

   d.     carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition and its component parts when Defendants knew or should have known that the Ford Expedition and its component parts were unsafe and unfit for its intended use;

e.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition when Defendants knew or should have known that the Ford Expedition and its component parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts would be inadequate for the reasons for which it was purchased;

f.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition which had dangerous component parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts, causing the Ford Expedition to catastrophically fail and/or malfunction;

g.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing an unreasonably dangerous and defective Ford Expedition that Defendants knew or reasonably should have known exposed users, such as the Gresses, to an unreasonable risk of harm;

h.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts, prior to introducing it into the stream of commerce;

i.  carelessly and negligently providing adequate and sufficient warnings and instructions with respect to the Ford Expedition, which rendered it defective and unreasonably dangerous;

j.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts, in a defective condition because they failed, rendering it hazardous and dangerous for its contemplated and intended use;

k.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition in a defective condition because the Ford Expedition and its components parts, including but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts, were defective and resulted in a fire; and

l.  carelessly and negligently designing, manufacturing, inspecting, assembling, distributing, selling, servicing and/or repairing the Ford Expedition in a defective condition because its components parts, including

but not limited to, its HVAC system, HVAC electrical components, blower motor and resistor modules and its associated parts, were hazardous, dangerous and defective.

32.     As a direct and proximate result of Defendants' aforementioned actions, and/or omissions, Defendants acted negligently or carelessly, and are therefore liable to the Plaintiffs' subrogors for the damages they sustained.

33.     As a direct and proximate result of the aforementioned negligence and careless conduct of Defendants, Plaintiffs' subrogors sustained and incurred damage to their real and personal property and vehicles, causing them to vacate their home for a reasonable period of time while it was restored to its pre-fire condition, and caused other consequential and incidental damages including clean-up costs, debris removal, and other associated expenses.

34.     Plaintiffs are subrogated to the rights and interests of the Gresses for any claims arising under the policies, as described above, including the claims giving rise to the within cause of action.

**WHEREFORE**, Plaintiffs, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company as subrogees of Stephen and Amy Gress, respectfully request judgment against Defendants, Ford Motor Company and Koch Bethlehem LLC, in an amount in excess of $150,000.00 and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

**BY:** _____
RAYMOND E. MACK, ESQUIRE
PA ID No.: 91815
E-Mail:  rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
PA ID No.: 91415
E-Mail:  phughes@delucalevine.com
512 Township Line Road, Suite 220
Blue Bell, PA  19422
Telephone:  (215) 383-0081
Fax:  (215) 383-0082
COUNSEL FOR PLAINTIFFS

Dated:  January 8, 2021